### JACOBS v. GILREATH.

1. NONSUIT.—Motion for nonsuit should not be granted where there is any testimony to support the allegations of the complaint.
2. NOTE—JURY—ALTERATION.—A material alteration made in a note does not render the contract void as to any party consenting to, or acquiescing in, such alteration, and the question of such consent or acquiescence should be submitted to the jury.
3. NOTE—ALTERATION—ACQUIESCENCE.—A executed and delivered a note in 1886. Sundry payments were made, the last in 1892. In 1891 the terms of the note were changed, by endorsement signed on back by payee changing rate of interest from ten to eight per cent. *Held*, that the fact that the alteration was made subsequent to payments does not aid in solving the question of acquiescence in such alteration.

Before GARY, J., Greenville, July, 1894. Affirmed.

Action commenced February 8, 1893, by R. H. Jacobs against Mattie Gilreath, on a joint and several note of Mattie and H. G. Gilreath, dated January 1st, 1886, for $530, due twelve months after date. On the note were endorsed sundry payments from January, 1887, to May, 1892, also the following: "This note is to bear eight per cent. interest from 1st January, 1891. R. H. Jacobs." The case was tried before Judge Gary at the July, 1894, term at Greenville, S. C., with a jury. The following is the charge of the trial judge:

Mr. Foreman and gentlemen of the jury, this is a suit by the plaintiff, R. H. Jacobs, against the defendant, Mattie Gilreath, to recover the amount due upon a promissory

note, which is set out in the complaint.  It is conceded, in
the argument, that Mrs. Gilreath signed the note; but it is
contended that she signed the note as surety to her hus-
band; that is the first question for you to consider.  You
will remember that the plaintiff testified that he lent the
money to the defendant herself.  On the other hand, the
defendant testified that she signed the note as surety to her
husband.  If she did negotiate the loan, and signed the
note as principal, she would be liable.  If she did not sign
it as principal, but as surety to her husband, she would not
be liable under the statute law of this State.  If you find
that she signed it as surety, you need not go any further;
she could not be liable.

The next defense set up is the statute of limitations, and,
if there has been no payment made by her within six years,
she could not be recovered against, it would be barred.  If
a payment had been made within six years, while the orig-
inal note would be barred, a recovery could be had upon
the new promise.  It is important for you to determine
who made the payment.  If she made the payment or fur-
nished the money, although the old debt may be barred, she
would be liable on the new promise.  If, however, a pay-
ment was made without her knowledge, and she did not
afterwards ratify it by a promise, she would not be liable
on the note.  If upon her acquiescence, or if she had any
part in the payment, she would be liable.

The next is a certain alteration of the note.  The law
is, that where a contract has been entered into and signed,
no party to it has any right to make any alteration in it
without the consent of the other.  If any alteration has
been made without the knowledge or consent of the party
executing the note, it would vitiate it.  If an alteration is
made without the knowledge or consent of the party, and
she afterwards acquiesced in it, it would bind her.  So you
will take into consideration the facts and circumstances
under which the change was made—if it was material, and
if she consented to it or acquiesced in it.  Those are the

facts for you to consider. Here is a direct conflict between plaintiff and defendant. You are to settle that.

As I have charged you already, if she signed as surety, she is not liable. If she did not make a payment, or if she did not acquiesce in the change, she is not liable.

If you find for the plaintiff, you will say: "We find for the plaintiff," so much in dollars and cents, writing it out. If you find for the defendant, you will say: "We find for the defendant." Take the record.

Jury found for plaintiff. Defendant appeals.

*Mr. W. T. Irvine*, for appellant.

*Messrs. J. I. Earle* and *T. H. Cooke*, contra.

Sept. 9, 1895. The opinion of the Court was delivered by MR. CHIEF JUSTICE McIVER. This action was commenced on the 8th day of February, 1893, to recover the amount mentioned in a note bearing date the 1st day of January, 1886, whereby the defendant, and one H. G. Gilreath, who, it seems, was her husband, jointly and severally promised to pay to the plaintiff, or his order, twelve months after date, the sum of $550, with interest from date at ten per cent. per annum until paid. The statute of limitations having been pleaded, the plaintiff, by leave of the Court, filed an amended complaint, setting forth sundry payments alleged to have been made by defendant, and endorsed on the note, within the statutory period, and also alleging that plaintiff had, by an endorsement on the note, agreed to reduce the rate of interest from and after the 1st January, 1891, to eight per cent. per annum. To this amended complaint the defendant filed her answer, setting up the following defenses: 1st. That she was a married woman, and signed the note as surety for her husband, and that the contract evidenced thereby was not made with any reference to her separate estate, but for the benefit of her husband, which fact was known to plaintiff. 2d. She denies

having made any of the payments endorsed upon the note, either directly or indirectly, but says that she supposes such payments were made by her husband.    3d.  The statute of limitations is again  pleaded.    At the close of  plaintiff's testimony,  the defendant  moved  for a  nonsuit, upon the ground  that defendant, being a married woman, could  not be made liable upon such an obligation as that set forth in the complaint.    The motion was refused, upon the ground that there was  testimony tending  to show that  the money sued  for  was lent to the defendant herself, and, therefore, it became a part of her separate estate.

At this stage of the case, the defendant  was  allowed to amend her answer  by setting up, as a further defense, that the note had been altered since  its execution, without her knowledge or consent.    After further testimony  had been offered to sustain  and  rebut this  defense, another  motion for a  non-suit was made, upon  the ground  that the  terms of  the  note had been  altered  by  the plaintiff without the consent of  the  defendant, and this motion was likewise refused.    The defendant  having  offered her  testimony, the jury were charged by his Honor, Judge Ernest Gary, as set forth in  the "Case," who found  a  verdict in  favor  of the plaintiff, upon  which judgment was duly  entered.    From that judgment defendant appeals, upon  the several grounds set out in  the record, which  will now be  considered.

The  first ground, imputing error to the  Circuit  Judge in refusing the first motion for a nonsuit, having been very properly abandoned, need not be considered.

The second ground, alleging error in refusing the second motion for a  nonsuit, cannot  be  sustained, as the  "Case" very clearly discloses the  fact  that there  was testimony  tending  to show that  the defendant  had recognized and acquiesced in the alteration of the note.

The remaining three grounds of  appeal  impute error to the Circuit Judge in his charge to  the  jury.    The  charge itself, as set forth in the "Case," and which  should  be incorporated in the report of this case, furnishes its own vin-

dication against these imputations of error, for, as we read it, the law applicable to the case was correctly, clearly, and concisely stated to the jury, and their attention was called to the questions of fact upon which the case turned, without the least indication of the Judge's opinion as to any of those questions. In deference, however, to the zealous effort of the counsel for appellant, we will consider these grounds in detail.

The third ground of appeal is taken in these words: "Because his Honor erred in submitting to the jury, as a question of fact to be decided by them, whether or not the alteration was material, it having been the duty of the presiding Judge to decide, first, did the endorsement constitute an alteration of the terms of the note? second, was that alteration material?" This ground, as is seems to us, is taken under a misconception of the Judge's charge. We do not find that he left it to the jury to determine, as a question of fact, whether the alteration was material. On the contrary, the whole tenor of the charge on this point shows that the Judge assumed that the alteration was material, as it manifestly was, and the only question of fact left to the jury was whether defendant acquiesced in such alteration. What else could he have meant when he said to the jury, near the conclusion of his charge: "If she did not make a payment, or if she did not acquiesce in the change, she is not liable."

The third ground is clearly untenable.

The fourth ground imputes error as follows: "In submitting to the jury to determine whether or not defendant consented to the alteration, or acquiesced in it, when the action was upon the *new promise arising by operation of law* from certain alleged payments, *which payments were made prior to the alteration of the note.*" We are unable to perceive what difference that circumstance could make in solving the question of acquiescence. If, as the jury were correctly told, a payment had been made upon the note within the statutory period, that

would imply a new promise to pay the amount mentioned in the note, according to its terms; and if those terms were afterwards altered by the consent or with the acquiescence of the defendant, we are unable to understand how that could impair the validity of her previous promise to pay the amount specified in the note. If she, in fact, acquiesced in the change of the terms of the note, her previous promise to pay the amount specified in the note according to its original terms must necessarily be regarded as a promise to pay according to the terms as changed by her acquiescence.

The fifth ground of appeal is stated in these words: "In not holding that said note was void so far as the defendant was concerned, a material stipulation having been added since its execution and delivery, without defendant's knowledge or consent, and that there was no evidence entitling plaintiff to a verdict." This ground is clearly untenable, as it called upon the Circuit Judge to decide questions of fact exclusively within the province of the jury.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.